LAURA S. FLYNN, # 148511
LOW, BALL & LYNCH
505 Montgomery Street, 7th Floor
San Francisco, California 94111-2584
Telephone (415) 981-6630
Facsimile (415) 982-1634
Email: lflynn@lowball.com

Attorneys for Defendant
GUARDSMARK, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE

| | |
|---|---|
| NIAMIEN KOPHI, <br><br> Plaintiff, <br><br> v. <br><br> GUARDSMARK, LLC, <br><br> Defendants. | Case No. C08-03763-RS <br><br> **DEFENDANT GUARDSMARK. LLC'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** |

Defendant GUARDSMARK, LLC responds to the Amended Complaint filed by plaintiff NIAMIEN KOPHI as follows:

1. Answering paragraph 1 of the Amended Complaint, defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation therein.

2. Answering paragraph 2 of the Amended Complaint, defendant denies each and every allegation contained therein.

3. Answering paragraph 3 of the Amended Complaint, defendant denies each and every allegation contained therein.

4. Answering paragraph 4 of the Amended Complaint, defendant denies that plaintiff was retaliated against and denies he was placed on "indefinite suspension". Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in

paragraph 4.

5. Answering paragraph 5 of the Amended Complaint, defendant denies each and every allegation contained therein and denies that plaintiff is entitled to any judgment against defendant.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

AS AND FOR A FIRST, SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

Plaintiff's Amended Complaint fails to state facts sufficient to constitute a cause of action against this answering defendant.

### SECOND AFFIRMATIVE DEFENSE

AS AND FOR A SECOND, SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

Plaintiff's complaint is barred by reason of the contractual limitations period in plaintiff's written employment contract, or alternatively, by the applicable statute of limitations, including without limitation, those provided for in California Code of Civil Procedure sections 335.1, 337, 337.1, 338, 339, 340, and 343, Government Code section 12960 and 42 U.S.C. Section 2000e-5(f)(1).

### THIRD AFFIRMATIVE DEFENSE

AS AND FOR A THIRD, SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

Plaintiff has failed to mitigate his damages, and to the extent of this failure to mitigate, any damages awarded to plaintiff should be reduced accordingly.

### FOURTH AFFIRMATIVE DEFENSE

AS AND FOR A FOURTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

Plaintiff has failed to exhaust his administrative remedies, and therefore plaintiff's complaint should be dismissed.

### FIFTH AFFIRMATIVE DEFENSE

AS AND FOR A FIFTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

The complaint and each of its causes of action should be dismissed because the California Workers' Compensation Act, sections 3200 et seq. of the Labor Code provides the exclusive remedy for

plaintiff's alleged injuries.

### SIXTH AFFIRMATIVE DEFENSE

AS AND FOR A SIXTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

The complaint and each of its causes of action are barred because, at all relevant times, plaintiff was an at-will employee, subject to termination, with or without cause, and with or without notice.

### SEVENTH AFFIRMATIVE DEFENSE

AS AND FOR A SEVENTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

Defendant is informed and believes and thereon alleges that each cause of action should be dismissed because plaintiff's injuries, if any, were legally caused, in whole or in part, by plaintiff's own conduct.

### EIGHTH AFFIRMATIVE DEFENSE

AS AND FOR AN EIGHTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

The complaint and each of its causes of action are barred either in whole, or in part, by the doctrine of after-acquired evidence.

### NINTH AFFIRMATIVE DEFENSE

AS AND FOR A NINTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

Plaintiff's claims are barred pursuant to the equitable doctrines of waiver, estoppel, res judicata, collateral estoppel, unclean hands and laches.

### TENTH AFFIRMATIVE DEFENSE

AS AND FOR A TENTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

Plaintiff's claims are barred as he failed to file a civil action within 90 days after the EEOC gave its right to sue notice. 42 U.S.C. Section 2000e-5(f)(1). *Gonzalez v. Stanford Applied Engineering, Inc.* (9th Cir. 1979) 597 F.2d 1298-1299.

///

ELEVENTH AFFIRMATIVE DEFENSE

AS AND FOR A ELEVENTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

Plaintiff's claims are barred pursuant to prior settlements and releases entered into between the parties.

TWELFTH AFFIRMATIVE DEFENSE

AS AND FOR A TWELFTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

Defendant asserts that there is no causal link between the alleged protected activity and the alleged adverse action.

THIRTEENTH AFFIRMATIVE DEFENSE

AS AND FOR A THIRTEENTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

The complaint and each of its causes of action are barred because all acts of this answering defendant affecting the terms and conditions of plaintiff's employment were done in good faith and motivated by legitimate, non-retaliatory and non-discriminatory reasons and/or as a result of business necessity.

FOURTEENTH AFFIRMATIVE DEFENSE

AS AND FOR A FOURTEENTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

The complaint and each of its causes of action are barred by plaintiff's willful misconduct.

FIFTEENTH AFFIRMATIVE DEFENSE

AS AND FOR A FIFTEENTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANT ALLEGES:

Prior to the time when defendant is alleged to have committed the acts complained of, plaintiff invited, gave permission to, and consented to the acts alleged in the complaint. Each of the acts alleged in the complaint, which acts are expressly denied, was done within the scope of this consent and permission.

WHEREFORE, defendant requests that:

1. Plaintiff takes nothing by this action;

2. A judgment be entered in favor of defendant;

3. Defendant be awarded the costs of suit incurred, including attorney's fees; and

4. Defendant be awarded any other and further relief the court considers proper.

Dated: August 11, 2008.

LOW, BALL & LYNCH

By _____
LAURA S. FLYNN
Attorneys for Defendant
GUARDSMARK, LLC

### DEMAND FOR JURY TRIAL

Defendant GUARDSMARK, LLC demands a trial by jury.

Dated: August 11, 2008.

LOW, BALL & LYNCH

By _____
LAURA S. FLYNN
Attorneys for Defendant
GUARDSMARK, LLC

Niamien v. Guardsmark, LLC
U.S. District Court Case No.: C08-03763-RS

**PROOF OF SERVICE**

I am over the age of eighteen (18) years and not a party to the within action. I am employed at Low, Ball & Lynch, 505 Montgomery Street, 7th Floor, San Francisco, California 94111.

On the date indicated below, I served the following documents enclosed in a sealed envelope on the listed addresses:

**DOCUMENT:**  DEFENDANT GUARDSMARK, LLC'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

**ADDRESSES:**
Kophi Niamien
P.O. Box 720881
San Jose, CA 95172
Telephone: 408/505-0479
**In Pro Per**

[X]  **(BY MAIL)** I placed a true copy, enclosed in a sealed, postage paid envelope, and deposited same for collection and mailing at San Francisco, California, following ordinary business practices, addressed as set forth below.

[ ]  **(BY PERSONAL SERVICE)** I caused each such envelope to be delivered by hand to the addressees noted above or on the attachment herein by _____ Legal Services.

[ ]  **(BY FACSIMILE)** I caused the said document to be transmitted by Facsimile transmission to the number indicated after the addresses noted above or on the attachment herein.

[ ]  **(BY OVERNIGHT COURIER)** I caused each such envelope addressed to the parties to be deposited in a box or other facility regularly maintained by the overnight courier or driver authorized by the overnight courier to receive documents.

I am readily familiar with this law firm's practice for the collection and processing of documents for regular and certified mailing, overnight mail, and facsimile transaction, and said document(s) are deposited with the United States Postal Service or overnight courier depository on the same day in the ordinary course of business.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at San Francisco, California on August 12, 2008.

*Danielle Costes*
Danielle Costes

-1-
PROOF OF SERVICE

J:\1007\sf0067\Spos.wpd

C08-03763-RS